Judge Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR17-112-RAJ |
| Plaintiff, | |
| v. | SETTLEMENT AGREEMENT AND ORDER APPROVING SETTLEMENT |
| EDWARD BUI, a/k/a MICAH BUITRON, | NOTED FOR CONSIDERATION: March 13, 2020 |
| Defendant, | |
| and, | |
| NATIONSTAR MORTGAGE LLC, | |
| Third Party Petitioner. | |

The United States and Third Party Petitioner Nationstar Mortgage LLC ("Claimant") agree to the following terms to settle the interest in 8101 W. Flamingo Rd. No. 1010, Las Vegas, Nevada 89147 (the "Property") that was forfeited by the Defendant in this case.

## I.   RECITALS

This Agreement is entered into with reference to the following facts and recitals, which are true to the best of the Parties' knowledge and belief, and are made part of this Agreement:

Settlement Agreement and Order Approving Settlement, CR17-112-RAJ - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402-4383
(253) 428-3800

51910904;1

1  WHEREAS, this Agreement relates to real property located at 8101 W. Flamingo
2  Rd. No. 1010, Las Vegas, Nevada 89147 (the "Property");

3  WHEREAS, Claimant's interest in the Property is based upon a Deed of Trust
4  ("Security Instrument") securing to the Property a Promissory Note ("Note") collectively,
5  "Loan"), both dated February 25, 2005, wherein non-party Bojan Nenadic, as borrower,
6  promised to pay the principal and interest to the lender;

7  WHEREAS, Claimant is the current beneficiary of record of the Security
8  Instrument and the servicer of the Loan;

9  WHEREAS, Edward Bui a/k/a Micah Buitron ("Bui") obtained an ownership
10 interest in the Property in or around January 2015;

11 WHEREAS, Plaintiff brought criminal charges against Bui and subsequently filed
12 a petition for forfeiture of Bui's real and personal property interests, in the Western
13 District of Washington, Case No. CR17-112-RAJ, which, along with any amendments,
14 counterclaims, cross-claims, third-party claims, interventions, removals and appeals, shall
15 be referred to as the "Action";

16 WHEREAS, on November 3, 2017, the Court entered a Stipulated Preliminary
17 Order of Forfeiture forfeiting Defendant Edward Bui's interest in the Flamingo Road
18 Property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as property
19 constituting or derived from any proceeds of the Wire Fraud and/or Mail Fraud to which
20 the Defendant entered pleas of guilty. See Dkt. No. 44;

21 WHEREAS, on September 21, 2018, Nationstar Mortgage LLC filed a Verified
22 Claim Against Real Property Subject to Forfeiture, asserting an interest in the Flamingo
23 Road Property. See Dkt. Nos. 54 and 55;

24 WHEREAS, the United States and Third-Party Petitioner Nationstar Mortgage
25 LLC have completed discovery with respect to its claim, and the discovery period for
26 these ancillary forfeiture proceeds closed on January 25, 2019. See Dkt. No. 57.

27 WHEREAS, the Parties agree that it is in their mutual interest to avoid the
28 uncertainty and expense of the Action by reaching a settlement and accommodation of

Settlement Agreement and Order Approving Settlement, CR17-112-RAJ - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402-4383
(253) 428-3800

51910904;1

1  the certain matters encompassed herein, without any admission of law or fact;

2  WHEREAS, the United States recognizes that Claimant is a valid lienholder of the Flamingo Road Property pursuant to the Corporation Assignment Deed of Trust as recorded in Clark County, Nevada on March 27, 2013 ("Assigned Deed of Trust"). Dkt. No. 55, ¶ 4. The United States further recognizes that Defendant Bui's above-listed criminal violations, which provide the basis for the forfeiture of the Flamingo Road Property, occurred without the knowledge or consent of Claimant;

8  WHEREAS, Claimant recognizes that the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2641(c), is entitled to any property constituting or derived from proceeds traceable to the offenses of Wire Fraud and Mail Fraud to which the Defendant entered guilty pleas;

12  NOW, THEREFORE, in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant and agree as follows:

## II.   TERMS AND AGREEMENT

### Settlement Provisions

A.  **Payment by Claimant.** Claimant shall deliver to the government the sum of three thousand five hundred dollars ($3,500.00) (the "Payment") by check made payable to the U.S. Secret Service and sent to the U.S. Secret Service, Attention Megan Wood, located at 2101 4th Ave, Suite 1600, Seattle, Washington 98121 within twenty (20) business days of the United States' delivery of a Notice of Withdrawal of *Lis Pendens* in a form suitable for recording in the Office of the Clerk of the County of Clark, State of Nevada.

B.  **Relinquishment of Property by United States.** Following the Court's entry of its order approving the agreement, the United States shall release any interests, rights, and possession of the Property to Claimant. In so releasing, The United States acknowledges that Claimant will take possession of the Property, the Property will no longer be subject to forfeiture in the Action, and Claimant will be free to foreclose the

Settlement Agreement and Order Approving Settlement, CR17-112-RAJ - 3

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402-4383
(253) 428-3800

51910904;1

1. Loan, sell the Property, and/or complete its possession of the Property in accordance with the terms of the Security Instrument. Within thirty (30) days of entry of the Court's order approving the agreement, the parties shall complete each of the following steps:

   i. The United States shall deliver a Notice of Withdrawal of *Lis Pendens* in a form suitable for recording in the Office of the Clerk of the County of Clark, State of Nevada to Claimant's Counsel.

   ii. The United States and its licensees or agents shall vacate the Property and Claimant will have the unqualified right to enforce its right of possession.

   iii. Claimant will pay the United States Secret Service the agreed three thousand five hundred dollars ($3,500.00) as described in Paragraph A.

**C. Condition of Property.** Claimant understands and agrees that the Property will be returned to Claimant in its current condition, as is.

**D.** Nationstar agrees not to oppose entry of a Final Order of Forfeiture of the above $3,500.00.

**E. Full Satisfaction.** The Payment is in full satisfaction of the Released Matters, as defined here, and the United States and Claimant agree they will each bear their own costs and attorneys' fees associated with the seizure, detention, and return of the subject Property located at 8101 W. Flamingo Rd. No. 1010, Las Vegas, Nevada 89147, the handling of Nationstar's claim, and this Agreed Settlement. Claimant expressly waives any right to seek attorneys' fees pursuant to 28 U.S.C. § 2465.

**F. Release.** The United States agrees to release and hold harmless the Claimant, its agents, representatives, and/or employees, and the Claimant agrees to release and hold harmless the United States, its agents, representatives, and/or employees, as well any involved federal, state, or local law enforcement agencies, their agents, representatives, and/or employees, from any and all claims that they may possess, or that could arise, based on the seizure, detention, and release of lis pendens for the Subject Property located at 8101 W. Flamingo Rd. No. 1010, Las Vegas, Nevada 89147. If the

Settlement Agreement and Order Approving Settlement, CR17-112-RAJ - 4

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402-4383
(253) 428-3800

51910904;1

Court enters the proposed Order, the Claimant shall be relieved from further participation in this criminal ancillary proceeding, other than to implement the terms of this Agreement or unless specifically directed by an order of the Court.

### Additional Terms

**A.  Adequate Consideration.** The consideration received in connection with this Agreement is fair, adequate, and substantial, and it consists only of the terms set forth in this Agreement.

**B.  Further Assurances.** Each Party agrees to take all reasonable steps necessary to effectuate the terms of this Agreement.

**C.  No Admission of Liability.** Each of the Parties understands and agrees that this Agreement and the settlement provided for herein, are intended to compromise disputed claims and defenses, to avoid litigation and to buy peace, and that this Agreement and the settlement provided for herein shall not be construed or viewed as an admission by any Party of liability or wrongdoing, such liability being expressly denied.

**D.  Tax Consequences.** The United States agrees that if it is later determined by the Internal Revenue Service or any other taxing body that taxes of any type should have be paid in connection with the United States' Secret Service's receipt of Claimant's payment of the agreed three thousand five hundred dollars ($3,500.00) pursuant to this settlement agreement, the United States will be solely responsible for paying such taxes. Claimant and the United States make no representations or warranties regarding the legal effect or tax consequences of this Agreement. The United States and the Claimant further expressly acknowledge that they neither received nor relied upon any tax advice from each other nor from each other's representatives and attorneys. Claimants are responsible for the payment of any taxes associated with the Subject Property. t.

**E.  Parties' Counsel.** As used in this Agreement, the phrase "Claimant's Counsel" means Christopher Varallo, Esq., Witherspoon Kelley, 422 West Riverside Avenue, Suite 1100, Spokane, WA 99201-0300.

**F.  No Interpretation of Captions or Headings.** The captions and headings

Settlement Agreement and Order Approving Settlement, CR17-112-RAJ - 5

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402-4383
(253) 428-3800

51910904;1

within this Agreement are for ease of reference only and are not intended to create any substantive meaning or to modify the terms and clauses either following them or contained in any other provision of this Agreement.

G. **Neutral Interpretation and Counterparts.** The Parties shall be deemed to have cooperated in the drafting and preparation of this Agreement. Hence, any construction to be made of this Agreement shall not be construed against any Party. This Agreement may be executed in counterparts and each executed counterpart shall be effective as the original. All faxed, emailed, or electronic signatures affirming this Agreement constitute an original signature.

H. **Integration/Single Agreement.** This Agreement constitutes a single, integrated, written agreement expressing the entire understanding and agreement between the Parties, and the terms of the Agreement are contractual and not merely recitals. There is no other agreement, written or oral, expressed or implied between the Parties with respect to the subject matter of this Agreement and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them or upon which they have relied in any way. The terms and conditions of this Agreement may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement. This provision does not apply either to any other business relations between the Parties (*e.g.*, a credit card, investment, or bank account) not related to the subject matter of the Agreement or to the Loan, Note, or Security Instrument at issue herein unless they have been otherwise invalidated or modified by the terms of this Agreement.

I. **Amendments to the Agreement.** This Agreement shall not be altered, amended, or modified by oral representation made before or after the execution of this Agreement. All amendments or changes of any kind must be in writing, executed by all Parties.

J. **Successors.** This Agreement shall inure to the benefit of the respective

Settlement Agreement and Order Approving Settlement, CR17-112-RAJ - 6

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402-4383
(253) 428-3800

51910904;1

1  heirs, successors, and assigns of the Parties, and each and every one of the Releasees
2  shall be deemed to be intended third-party beneficiaries of this Agreement.

3  **K.  Attorney's Fees.** Each of the Parties shall bear its own attorney's fees,
4  costs, and expenses in connection with the matters set forth in the Agreement, including,
5  but not limited to, the Action and the negotiation and preparation of this Agreement.

6  IN WITNESS WHEREOF, the Parties hereto evidence their agreement and have
7  executed this Agreement as of the day and year first below written.

On behalf of the United States of America

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

DATED: 3 March 2020

*/s/ Matthew H. Thomas*
Matthew H. Thomas
Assistant United States Attorney
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800
Fax (253) 428-3826
E-Mail: Matthew.H.Thomas@usdoj.gov

DATED: 2-25-20

*/s/ Edward Hyne*
Nationstar Mortgage LLC
Name: EDWARD HYNE
Title: LITIGATION AMBASSADOR, PRINCIPAL

Settlement Agreement and Order Approving Settlement, CR17-112-RAJ - 7

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402-4383
(253) 428-3800

51910904;1

DATED: March 4, 2020

_____
Christopher G. Varallo
Steven J. Dixson
Attorneys for Third-Party Claimant
Nationstar Mortgage LLC
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
(509) 624-5265
Fax: (509) 458-2728
E-Mail: cgv@witherspoonkelley.com
E-Mail: sjd@witherspoonkelley.com

Settlement Agreement and Order Approving Settlement, CR17-112-RAJ - 8

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402-4383
(253) 428-3800

51910904;1

## ORDER APPROVING SETTLEMENT AGREEMENT

The Court, having reviewed the above Agreement between the United States and Third-Party Petitioner Nationstar Mortgage LLC and the record in this case, APPROVES the Agreement and its terms which settles the interest Nationstar Mortgage, LLC has asserted in the real property located at 8101 W. Flamingo Road, No. 1010, Las Vegas, Nevada 89147, Dkt. Nos. 54 and 55, and in which the Defendant's interest has already been forfeited in this case. Dkt No. 29.

IT IS SO ORDERED.

DATED this 5th day of March, 2020.

HON. RICHARD A. JONES
UNITED STATES DISTRICT JUDGE

Settlement Agreement and Order Approving Settlement, CR17-112-RAJ - 9

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402-4383
(253) 428-3800

51910904;1

Presented by:

*[signature]*

Matthew H. Thomas
Assistant United States Attorney
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800
fax (253) 428-3826
E-Mail: Matthew.H.Thomas@usdoj.gov

*[signature]*

Christopher G. Varallo, WSBA #29410
Steven J. Dixson, WSBA #38101
cgv@witherspoonkelley.com
sjd@witherspoonkelley.com
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
Phone: (509) 624-5265
Fax: (509) 458-2728

*Attorneys for Third-Party Claimant Nationstar Mortgage LLC*

Settlement Agreement and Order Approving Settlement, CR17-112-RAJ - 10

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402-4383
(253) 428-3800

51910904;1