The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> EDWARD BUI a/k/a MICAH BUITRON, <br><br> Defendant. | NO. 2:17-cr-00112-RAJ <br><br> ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Edward Bui's pro se motion for compassionate release. Dkt. 97. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Bui is a 51-year-old inmate currently detained at Federal Detention Center SeaTac, with a projected release date of September 29, 2021. On August 7, 2017, he pled guilty to one count of Wire Fraud, in violation of 18 U.S.C. § 1343, one count of Mail Fraud, in violation of 18 U.S.C. § 1341, and one count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. Dkt. 29. On November 3, 2017, this Court sentenced Mr. Bui to a total term of imprisonment of 61 months, to be followed by three years of supervised release. Dkt. 45. He now moves for compassionate release arguing that he presents extraordinary and compelling reasons for the Court to immediately release him to a halfway house (residential reentry center). Dkt. 97.

ORDER - 1

## II. DISCUSSION

### A. Legal Standard for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13. The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1. The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

Mr. Bui's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release." As relevant to Mr. Bui's motion, the statute now provides:

> (c) Modification of an imposed term of imprisonment. --The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

>the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>(i) extraordinary and compelling reasons warrant such a reduction;
>
>. . .
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

### B.     Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Bui's compassionate release motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  Mr. Bui made a request to the warden at FDC SeaTac for compassionate release on August 24, 2020.  Dkt. 97 at 25-26. The warden denied Mr. Bui's request on September 24, 2020.  *Id*. at 27-28.  The Court finds the statutorily required 30-day period has expired, and Mr. Bui's motion is properly before the Court.

///

///

///

ORDER - 3

**C.  Extraordinary and Compelling Circumstances.**

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Bui's term of imprisonment.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

The policy statement referenced in § 3582(c)(1) was promulgated by the Sentencing Commission pursuant to the authority Congress vested in it in 28 U.S.C. § 994. That statute provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(f).

Consistent with this statute, the applicable policy statement can be found at Section 1B1.13 of the United States Sentencing Guidelines. That statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>  (4) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (2019).

In the commentary, the Commission goes on to explain what constitutes "extraordinary and compelling reasons" to support a reduction in sentence.  Specifically,

Application Note 1 provides that extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt.n.1.

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Bui bears the burden to show "extraordinary and compelling reasons" that meet the directives set by Congress and the Sentencing Commission for compassionate release to be granted.  *See Riley v. United States,* C19-1522 JLR 2020 WL 1819838 at *7 (W.D. Wash. Apr. 10, 2020); *United States v. Greenhut,* No. 2:18-CR-00048, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020.

Mr. Bui argues that his mental health conditions of major depression, anxiety, and post-traumatic stress disorder render him immunocompromised and therefore more likely to suffer severe health consequences and even death should he contract coronavirus-19 (COVID-19), and present extraordinary and compelling circumstances to warrant the Court granting his motion for immediate release to a residential reentry center.  Dkt. 97.

Mr. Bui also focuses on the conditions at FDC SeaTac, contending that the facility is not taking the necessary and appropriate steps to contain and prevent further spread of the virus.  Dkt. 97.

The government argues in opposition that the reasons presented by Mr. Bui do not constitute extraordinary and compelling circumstances for the Court to grant his motion for compassionate release.  The government indicates that despite Mr. Bui's contention that his post-traumatic stress disorder, anxiety and depression cause him to be at higher risk of serious illness from COVID-19, these are not risk factors that the Centers for Disease Control and Prevention (CDC) have recognized as ones that increase the risk of serious illness from COVID-19, and there is no current evidence establishing such a link. The government further indicates these mental health conditions can be and have been managed for Mr. Bui while incarcerated.

This Court has reviewed the defendant's medical reports and while Mr. Bui has continued to express concerns about his mental health, there is no indication that his condition has not or cannot be adequately addressed by the medical providers through the Bureau of Prisons. Consequently, his request for compassionate release on these grounds fails for lack of evidence.

While the government acknowledges Mr. Bui's concerns about contracting COVID-19 are understandable, it points out that generalized concerns about possible exposure do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence as set forth in the Sentencing Commission's policy statement on compassionate release. Dkt. 98. The Court agrees with the government. The record presented by the government as to the actions to address COVID-19 by BOP, while not perfect, do not rise to the level of inadequacy to warrant his release.

**D. Safety of Others**

The Court next turns to whether Mr. Bui presents a danger to the safety of any other person or to the community. *See* U.S.S.G. §1B1.13(2). In making this determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. 18 U.S.C. §3142(g). The Court may not reduce a defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Mr. Bui argues that he does not pose a danger to others or to the community in that his present conviction is for a nonviolent crime, and that he has no history of violence. As evidence that he is not a danger, Mr. Bui highlights that he has been designated as a low-risk inmate and placed in a position of trust within the BOP facility, which allows him to work outdoors without staff supervision. Dkt. 97.

The government counters that a person does not have to be violent to be a danger to the community and points to evidence before the Court which shows that Mr. Bui has

been engaged in fraudulent conduct from 2006 to the present, with his behavior only interrupted when Mr. Bui has been incarcerated. The government points out that much of Mr. Bui's conduct leading to his current conviction occurred while he was on supervision, further highlighting his continuing danger to the community and lack of respect for the law. Dkt. 98.

Even if this Court were to find extraordinary and compelling reasons to warrant release, Title 18 U.S.C. § 3142(g) and U.S.S.G. § 1B1.13 mandate otherwise. The specific facts of Mr. Bui's history and circumstances indicate he poses a continuing danger to the community. For purposes of this analysis, the Court is not limiting the concept of danger to the community only to violent acts. The government has outlined a litany of Mr. Bui's fraudulent behavior demonstrating he has no respect for the law, even when under the supervision of the court. Dkt. 80, p. 14. More specifically, he engaged in the criminal conduct for which he is currently incarcerated within a year of his release. The danger he presents is that his proclivity to deception and fraud lend little believability that absent incarceration, he will choose being a law-abiding citizen as an alternative to criminal conduct.

### E. Other 18 U.S.C. § 3553(a) Factors

In determining whether to grant Mr. Bui's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a). These factors include the need for the sentence imposed, the kinds of sentences available, promoting respect for the law, providing just punishment for the offense, avoiding unwarranted sentencing disparities, and providing medical care in the most efficient manner. 18 U.S.C. § 3553(a)(2)(B, C, D); 18 U.S.C. § 3582(c)(1)(A).

Mr. Bui argues that he has served approximately 40 months of his 61-month sentence, and with the calculation of good time has been approved to transition to a halfway house on March 29, 2021. He indicates he meets the criteria set forth by former

1 Attorney General William Barr for the release of nonviolent inmates who have served at
2 least half of their sentences and who have less than 18 months remaining on their
3 sentences, and therefore implies that the goals of sentencing have been met in this case.
4 Dkt. 97.
5     The government counters that even if the Court were to reweigh the factors set
6 forth in § 3553(a), such a reconsideration would not support Mr. Bui's release. Dkt. 98.
7 The Court agrees and notes that it considered the seriousness, nature and circumstance of
8 his offenses, together with his criminal history at sentencing and again for this motion. In
9 the final analysis, the Court concludes his motion for release should be denied.

### III. CONCLUSION

For the foregoing reasons, Defendant Edward Bui's motion for compassionate release is **DENIED**.

DATED this 7th day of January, 2021.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge